1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CLINT J. WAMPLER,                              )    Case No. EDCV 05-989 AN
                                               )
            Plaintiff,                         )    MEMORANDUM AND ORDER
                                               )
      v.                                       )
                                               )
JO ANNE B. BARNHART,                           )
COMMISSIONER OF THE SOCIAL                     )
SECURITY ADMINISTRATION,                       )
                                               )
            Defendant.                         )
                                               )

## I.  INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("Act").  Both parties have consented to proceed before the undersigned Magistrate Judge.  In accordance with the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS").  For the reasons stated below, Plaintiff's request for an order remanding the case for further proceedings pursuant to Sentence Four is granted, and the Commissioner's request for an order affirming her final decision is denied.

1        The relevant background facts are familiar to both parties and Plaintiff has

2    stipulated that the decision of the Administrative Law Judge ("ALJ") fairly and

3    accurately summarizes the hearing testimony and medical evidence in the record except

4    as noted in his contentions.

5        Plaintiff asserts that the ALJ erred by:  (1) failing to properly develop the record

6    regarding his mental condition and materially misrepresenting the evidence in order to

7    support his position and avoid developing the record; (2) failing to properly develop the

8    record from the orthopedic perspective; and (3) failing to properly discuss the side effects

9    resulting from Plaintiff's medications.  The Commissioner disagrees.

10        Plaintiff's argument that the ALJ failed to adequately develop the record

11   concerning Plaintiff's mental condition is persuasive.  Although a claimant bears the

12   burden of proving disability, the ALJ in a Social Security case has an independent

13   "'special duty to fully and fairly develop the record and to assure that the claimant's

14   interests are considered.'" *Smolen v. Chater,* 80 F.3d 1273, 1288 (9th Cir. 1996) (quoting

15   *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)).  This duty extends to the

16   represented as well as to the unrepresented claimant.  *Id.*

17        The duty to develop the record is such that the ALJ may not decide an issue against

18   the claimant based on the absence of evidence in the record. *Armstrong v. Commissioner*

19   *of Social Security*, 160 F.3d 587, 589-90 (9th Cir. 1998).  A consultative examination is

20   "normally require[d]" where the evidence in the record is "not sufficient to support a

21   decision." 20 C.F.R. §§ 404.1519a(b)(1)(additional evidence needed is not contained in

22   the claimant's medical record), (4)("[a] conflict, inconsistency, ambiguity or

23   insufficiency in the evidence must be resolved"), 416.919a(b)(1),(4); *see also* 20 C.F.R.

24   §§ 404.1512(f) (stating that when evidence needed to make disability determination "is

25   not readily available from the records of your medical treatment source, or we are unable

26   to seek clarification from your medical source, we will ask you to attend one or more

27   consultative examinations at our expense"), 416.912(f).

28        At the hearing, medical expert Victor Schorn, M.D. testified that, although

1   Plaintiff's seizure disorder satisfied at least some criteria of an impairment in the Listings,

2   the record was not sufficiently developed with respect to Plaintiff's seizure disorder and

3   its possible inter-relationship with Plaintiff's mental condition. [AR 222-23, 225, 227-

4   28]; *see* 20 C.F.R. Part 404, Subpt. P, App. 1 § 11.02.   In particular, Dr. Schorn

5   recommended that Plaintiff undergo a psychiatric consultative examination to be

6   conducted by a psychiatrist.   [AR at 136-40, 227.]   The ALJ rejected Dr. Schorn's

7   recommendation, relying instead on a psychological evaluation of Plaintiff completed by

8   clinical psychologist Kim Goldman Psy.D. [AR at 14, 136-40.] As noted by Dr. Schorn,

9   however, Dr. Goldman's report does not include a psychiatric diagnosis. [AR at 223,

10   228-29.]   Instead, Dr. Goldman's diagnosis just ruled out Plaintiff's alcohol abuse and

11   marijuana abuse. [AR at 227-28.] Given Plaintiff's long history of psychiatric problems

12   and other findings on examination, Dr. Schorn questioned Dr. Goldman's opinion. [AR

13   at 223, 228.]   Dr. Schorn also noted that the record was not adequately developed with

14   respect to the amount and type of anti-seizure medication that Plaintiff was taking, and

15   whether Plaintiff had attended special education classes as a child. [AR at 225-26.] The

16   Court agrees that additional information about Plaintiff's mental condition and seizure

17   disorder is needed to adequately evaluate his disability claim.

18         The ALJ asserts that no further development of the record was necessary because

19   Plaintiff "did not allege any mental problems in the record and did not testify to any

20   mental health issues at the hearing." [AR at 14.] Contrary to the ALJ's findings, Plaintiff

21   alleged suffering from a mental impairment on several occasions.   Plaintiff complained

22   of stress and depression in his reconsideration disability report and pain questionnaire,

23   mentioned feelings of depression to Dr. Goldman, and testified at the hearing that he

24   believed that his seizures were related to stress.   [AR at 76, 88, 138, 212.]

25         Finally, the Commissioner contends that a psychiatric evaluation is not warranted

26   in this case because there was no evidence that Plaintiff was being treated or had sought

27   treatment for a mental health problem. [JS at 5.]   However, claimants suffering from

28   depression should not be chastised for failing to seek treatment because their judgment

1  is questionable.  *Nguyen v. Chater*, 100 F.3d 1462 (9th Cir. 1996).[1/]

2  ## II.  CONCLUSION

3  For the reasons discussed above, the Court finds the ALJ's denial of Plaintiff's

4  claims for benefits is not free of legal error and supported by substantial evidence.

5  Accordingly, Plaintiff's request for an order remanding this case for further proceedings

6  pursuant to Sentence Four of 42 U.S.C. § 405(g) is GRANTED, and the Commissioner's

7  request for an order affirming the Commissioner's final decision and dismissing the

8  action is DENIED.  The clerk shall enter judgment, close the file and terminate all

9  pending motions.

10

11  DATED:      August 9, 2006            /s/ Arthur Nakazato
                                          ARTHUR NAKAZATO
12                                        UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23  [1/]      Because the record is not sufficiently developed to support a determination of
disability without further proceedings, the Court will not decide whether the remaining
24  issue raised by Plaintiff would independently require reversal.  *See Bunnell v. Barnhart*,
336 F.3d 1112, 1115-16 (9th Cir. 2003)(where there are outstanding issues that must be
25  resolved before a determination of disability can be made, and it is not clear from the
26  record that the ALJ would be required to find the claimant disabled if all the evidence
were properly evaluated, remand is appropriate).  The Court recommends, however, that
27  the Commissioner consider all of Plaintiff's arguments when determining the merits of
28  his case on remand.